TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective,*
*and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
YE HONG, YIKAI QIN, XIU QING ZHENG, and
WEI YAN YAO
*on behalf of themselves and others similarly situated*
                                        Plaintiffs,

                    v.

7 EXPRESS RESTAURANT CORP.
          d/b/a 7 Express,
HAPPY RESTAURANT INC.
          d/b/a Happy Food,
TIAN MING ZHENG,
BANSON HO,
MICHAEL XIAO, and
"DOE" MA,
                                Defendants.
------------------------------------------------------------------- x

**Case No. 17-cv-2174**

<u>**COMPLAINT**</u>

     Plaintiffs YE HONG, YIKAI QIN, XIU QING ZHENG, and WEI YAN YAO (hereafter

referred to as "Plaintiffs"), on behalf of themselves and other similarly situated, by and through

their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants 7 EXPRESS

RESTAURANT CORP. d/b/a 7 Express, HAPPY RESTAURANT INC. d/b/a Happy Food,

TIAN MING ZHENG, "DOE" MA, BANSON HO, and MICHAEL XIAO, and allege as

follows:

<u>**INTRODUCTION**</u>

1.    This action is brought by Plaintiffs, on behalf of themselves as well as other employees

similarly situated, against Defendants for alleged violations of the Fair Labor Standards Act

(FLSA) 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL) arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, minimum wage for each hour worked, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Defendants refused to record all of the time that Plaintiffs and similarly situated employees employed by Corporate Defendants work or worked, including work done in excess of forty (40) hours each week.

4.      Plaintiffs allege pursuant to FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest, and/or (5) attorneys' fees and costs.

5.      Plaintiffs further allege pursuant to NYLL, NY CLS Labor § 650 *et seq.*, and the implementing New York Codes, Rules, and Regulations (NYCRR), 12 NYCRR § 146, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours" premium, (4) liquidated damages equal to the sum of unpaid minimum wages, unpaid overtime wages, and unpaid "spread of hours" premium, in the amount of one hundred percent (100%) under the New York Wage Theft Prevention Act, NY CLS Labor §§ 190 *et seq.*, 650 *et seq.*, 2010 N.Y. ALS 564, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide to each employee paystubs that accurately and truthfully listed the employee's hours along with the employee's name, the employer's name, the employer's address and telephone number, the

employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) nine percent (9%) simple prejudgment interest as provided by the NYLL, NY CLS Labor § 663(1), NYCPLR § 5004, (8) post-judgment interest, and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8.      Plaintiff YE HONG ("HONG") was employed by 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY 11354 and HAPPY RESTAURANT INC. d/b/a Happy Food located at 40-28 Main Street, Flushing, NY 11354, as a cook.

9.      Plaintiff YIKAI QIN ("QIN") was employed by 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY 11354 and HAPPY RESTAURANT INC. d/b/a Happy Food located at 40-28 Main Street, Flushing, NY 11354, as a cook.

10.      Plaintiff XIU QING ZHENG ("ZHENG") was employed by 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY

11354 and HAPPY RESTAURANT INC. d/b/a Happy Food located at 40-28 Main Street, Flushing, NY 11354, as a cook.

11.     Plaintiff WEI YAN YAO ("YAO") was employed by 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY 11354, as a cook.

<u>**DEFENDANTS**</u>

*Corporate Defendants*

12.     Defendant 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express is a domestic business corporation organized under the laws of the State of New York, with a principal address at 135-42 Roosevelt Avenue, Flushing, NY 11354.

13.     7 EXPRESS RESTAURANT CORP. d/b/a 7 Express is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14.     7 EXPRESS RESTAURANT CORP. d/b/a 7 Express purchased and handled goods moved in interstate commerce.

15.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express.

16.     At all relevant times, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express employed in excess of twenty (20) employees.

17.     Defendant HAPPY RESTAURANT INC. d/b/a Happy Food is a domestic business corporation organized under the laws of the State of New York, with a principal address at 40-28 Main Street, Flushing, NY 11354.

18.     HAPPY RESTAURANT INC. d/b/a Happy Food is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

19.     HAPPY RESTAURANT INC. d/b/a Happy Food purchased and handled goods moved in interstate commerce.

20.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by HAPPY RESTAURANT INC. d/b/a Happy Food.

21.     At all relevant times, HAPPY RESTAURANT INC. d/b/a Happy Food employed in excess of seventy (70) employees.

**Corporate Defendants as Joint Employers**

22.     At all times relevant to this action, Corporate Defendants 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food operated buffet-style restaurants serving Chinese food.

23.     At all times relevant to this action, Corporate Defendants 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food had a high degree of interrelated and unified operations and shared common management, centralized control of labor relations, common ownership, common control, common business purpose, and interrelated business goals. Defendants TIAN MING ZHENG, "DOE" MA, BANSON HO, and MICHAEL XIAO, were personally involved in the management of both 7 Express and Happy Food.

24.     At all times relevant to this action, until on or about January 25, 2017, employees whose primary workplace was at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express would perform work for HAPPY RESTAURANT INC. d/b/a Happy Food, and vice versa. On or about January 25, 2017, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express suffered extensive damage in a fire, and a substantial number of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express's employees were transferred to HAPPY RESTAURANT INC. d/b/a Happy Food.

25.     At all times relevant to this action, until on or about January 25, 2017, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food would frequently transfer food and other materials from one location for use at and by the other.

26.     At all times relevant to this action, until on or about January 25, 2017, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food would frequently transfer kitchen equipment and dining room utensils from one location for use at and by the other.

27.     7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food should be considered a common enterprise and joint employers.

***Owner/Operator Defendants***

28.     The individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law, NY CLS Bus Corp § 630(a).

29.     Defendant BANSON HO, known to Plaintiffs as "Boss," is an owner of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

30.     BANSON HO was actively involved in the management of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

31.    BANSON HO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder (29 C.F.R. § 791.2), NY CLS Labor § 2 and the regulations thereunder, and is jointly and severally liable with 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

32.    Defendant MICHAEL XIAO, known to Plaintiffs as "Boss," is an owner of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

33.    MICHAEL XIAO was actively involved in the management of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

34.    MICHAEL XIAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder (29 C.F.R. § 791.2), NY CLS Labor § 2 and the regulations thereunder, and is jointly and severally liable with 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

35.    Defendant "DOE" MA, known to Plaintiffs as "Boss," is an owner of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express.

36.    "DOE" MA was actively involved in the management of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express.

37.     "DOE" MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder (29 C.F.R. § 791.2), NY CLS Labor § 2 and the regulations thereunder, and is jointly and severally liable with 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express.

38.     Defendant TIAN MING ZHENG, known to Plaintiffs to be "in charge," is a manager at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

39.     TIAN MING ZHENG was actively involved in the management of 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

40.     TIAN MING ZHENG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder (29 C.F.R. § 791.2), NY CLS Labor § 2 and the regulations thereunder, and is jointly and severally liable with 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express and HAPPY RESTAURANT INC. d/b/a Happy Food.

41.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

42.     Defendants committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiffs, the FLSA Collective, and the Class.

43.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs minimum wages due under the FLSA and NYLL.

44. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

45. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs New York's "spread of hours" premium of one hour's pay at the higher of New York's minimum wage or employee's regular hourly rate for every day in which Plaintiffs worked over ten (10) hours.

46. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

47. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

48. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

49. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notices reflecting true rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

50. Defendants knew that the nonpayment of minimum wage, overtime, and New York's "spread of hours" premium would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

***Plaintiff YE HONG***

51.     On or about January 29, 2015, Plaintiff YE HONG was hired by Defendants to work as a cook at HAPPY RESTAURANT INC. d/b/a Happy Food located at 40-28 Main Street, Flushing, NY 11354.

52.     On or about June 20, 2015, Plaintiff HONG left her employment at HAPPY RESTAURANT INC. d/b/a Happy Food to visit China.

53.     On or about March 1, 2016, Plaintiff HONG returned from China to the United States.

54.     On or about March 7, 2016, Plaintiff HONG was hired by Defendants to work as a cook at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY 11354.

55.     On or about January 25, 2017, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express suffered damage related to a fire, and had to close for repairs.

56.     On or about January 26, 2017, Defendants reassigned Plaintiff HONG to work at HAPPY RESTAURANT INC. d/b/a Happy Food, as a cook.

57.     From on or about January 29, 2015 to June 20, 2015, Plaintiff HONG worked six (6) days per week, from 5:30 am to 4:00 pm.

58.     From on or about January 29, 2015 to June 20, 2015, each day, Plaintiff HONG was given a thirty (30) minute break to eat lunch.

59.     From on or about January 29, 2015 to June 20, 2015, Plaintiff HONG worked sixty (60) hours per week.

60.     From on or about January 29, 2015 to June 20, 2015, Plaintiff HONG was paid at a rate of ten dollars ($10.00) per hour, in cash.

61.     From on or about March 7, 2016 to August 2016, Plaintiff HONG worked seven (7) days per week, from 12:00 pm to 10:30 pm.

62.     For three weeks in August 2016, Plaintiff HONG worked six (6) days per week, from 12:00 pm to 10:30 pm.

63.     From on or about September 2016 to January 25, 2017, Plaintiff HONG worked seven (7) days per week, from 12:00 pm to 10:30 pm.

64.     From on or about March 7, 2016 to January 25, 2017, each day, Plaintiff HONG was given a thirty (30) minute break to eat dinner.

65.     From on or about March 7, 2016 to August 2016, Plaintiff HONG worked seventy (70) hours per week.

66.     For three weeks in August 2016, Plaintiff HONG worked sixty (60) hours per week.

67.     From on or about September 2016 to January 25, 2017, Plaintiff HONG worked seventy- (70) hours per week.

68.     From on or about March 7, 2016 to January 25, 2017, Plaintiff HONG was paid at a rate of ten dollars ($10.00) per hour, in cash.

69.     From on or about March 7, 2016 to January 25, 2017, Plaintiff HONG was required to punch in on a timecard when she arrived at work and punch out when she left, but not to punch in and out at the beginning and end of her dinner break.

70.     From on or about January 26, 2017 to February 11, 2017, Plaintiff HONG worked six (6) days per week. Some days she worked from 7:00 am to 5:30 pm, other days she worked from 9:00 am to 7:30 pm.

71.     From on or about January 26, 2017 to February 11, 2017, each day, Plaintiff HONG was given a thirty (30) minute break to eat lunch.

72.     From on or about January 26, 2017 to February 11, 2017, Plaintiff HONG worked sixty (60) hours per week.

73. From on or about January 26, 2017 to February 11, 2017, Plaintiff HONG was paid at a rate of ten dollars ($10.00) per hour, in cash.

74. Throughout her employment, Defendants failed to pay Plaintiff HONG at least at one-and-one-half times her calculated hourly wage for all hours worked above forty (40) in each workweek.

75. Throughout her employment, Defendants failed to pay Plaintiff HONG New York's "spread of hours" premium for work days that lasted longer than ten (10) hours.

76. Defendants failed to pay Plaintiff HONG for the three (3) six-day weeks she worked in August 2016.

77. Defendants failed to pay Plaintiff HONG for four (4) weeks she worked in January 2017.

*Plaintiff YIKAI QIN*

78. On or about October 8, 2016, Plaintiff YIKAI QIN was hired by Defendants to work as a cook at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY 11354.

79. On or about January 25, 2017, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express suffered damage related to a fire, and had to close for repairs.

80. On or about January 26, 2017, Defendants reassigned Plaintiff QIN to work at HAPPY RESTAURANT INC. d/b/a Happy Food, as a cook.

81. From on or about October 8, 2016 to January 26, 2017, Plaintiff QIN was scheduled to work seven (7) days per week, from 11:00 am to 10:30 pm Mondays through Saturdays, and from 4:00 pm to 10:30 pm on Sundays.

82. In addition to her scheduled working time, Plaintiff QIN was required to work approximately an additional forty-five (45) minutes each day.

83.     From on or about October 8, 2016 to January 26, 2017, each day, Plaintiff QIN was given a thirty (30) minute break to eat lunch.

84.     From on or about October 8, 2016 to January 26, 2017, Plaintiff QIN worked approximately seventy-seven and one quarter (77.25) hours per week.

85.     From on or about January 26, 2017 to February 18, 2017, Plaintiff QIN worked six (6) days per week, from 11:00 am to 11:00 pm.

86.     From on or about January 26, 2017 to February 18, 2017, each day, Plaintiff QIN was given a thirty (30) minute break to eat lunch.

87.     From on or about January 26, 2017 to February 18, 2017, Plaintiff QIN worked sixty-nine (69) hours per week.

88.     For her work from on or about October 8, 2016 to November 7, 2016, Plaintiff QIN was paid two thousand dollars ($2,000.00), in cash.

89.     For her work from on or about November 8, 2016 to November 20, 2016, Plaintiff QIN was paid wo thousand one hundred dollars ($2,100.00), in cash.

90.     From on or about November 21, 2016 to February 18, 2017, Plaintiff QIN was paid at a rate of nine dollars ($9.00) per hour, in cash.

91.     From on or about October 8, 2016 to February 18, 2017, Plaintiff QIN was required to punch in on a timecard when she arrived at work and punch out when she left, but not to punch in and out at the beginning and end of her lunch break.

92.     Throughout her employment, Defendants failed to pay Plaintiff QIN at least at one-and-one-half times her calculated hourly wage for all hours worked above forty (40) in each workweek.

93.     Throughout her employment, Defendants failed to pay Plaintiff QIN New York's "spread of hours" premium for work days that lasted longer than ten (10) hours.

94.     Over the course of her employment, Defendants missed payments owed to Plaintiff QIN amounting to two thousand one hundred fifty dollars ($2,150.00).

### *Plaintiff XIU QING ZHENG*

95.     On or about August 23, 2016, Plaintiff XIU QING ZHENG was hired by Defendants to work as a cook at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY 11354.

96.     On or about January 25, 2017, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express suffered damage related to a fire, and had to close for repairs.

97.     On or about January 31, 2017, Defendants reassigned Plaintiff QIN to work at HAPPY RESTAURANT INC. d/b/a Happy Food, as a cook.

98.     From on or about August 23, 2016 to January 25, 2017, Plaintiff ZHENG was scheduled to work seven (7) days per week, from 5:30 am to 2:00 pm every day.

99.     In addition to her scheduled working time, Plaintiff ZHENG was required to work approximately an additional ten (10) minutes each day.

100.    From on or about August 23, 2016 to January 25, 2017, each day, Plaintiff ZHENG was given a thirty (30) minute break to eat lunch.

101.    From on or about August 23, 2016 to January 25, 2017, Plaintiff ZHENG worked approximately fifty-seven and six tenths (57.17) hours per week.

102.    From on or about January 31, 2017 to February 18, 2017, Plaintiff ZHENG worked six (6) days per week, from 11:00 am to 11:00 pm.

103. From on or about January 31, 2017 to February 18, 2017, each day, Plaintiff ZHENG was given a thirty (30) minute break to eat dinner.

104. From on or about January 31, 2017 to February 18, 2017, Plaintiff ZHENG worked sixty-nine (69) hours per week.

105. From on or about August 23, 2016 to February 18, 2017, Plaintiff ZHENG was paid at a rate of ten dollars ($10.00) per hour, in cash.

106. From on or about August 23, 2016 to February 18, 2017, Plaintiff ZHENG was required to punch in on a timecard when she arrived at work and punch out when she left, but not to punch in and out at the beginning and end of her daily meal break.

107. Throughout her employment, Defendants failed to pay Plaintiff ZHENG at least at one-and-one-half times her calculated hourly wage for all hours worked above forty (40) in each workweek.

108. Throughout her employment, Defendants failed to pay Plaintiff ZHENG New York's "spread of hours" premium for work days that lasted longer than ten (10) hours.

109. Over the course of her employment, Defendants missed payments owed to Plaintiff ZHENG amounting to two thousand one hundred fifty dollars ($2,150.00).

*Plaintiff WEI YAN YAO*

110. On or about November 29, 2016, Plaintiff WEI YAN YAO was hired by Defendants to work as a cook at 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express located at 135-42 Roosevelt Avenue, Flushing, NY 11354.

111. On or about January 25, 2017, 7 EXPRESS RESTAURANT CORP. d/b/a 7 Express suffered damage related to a fire, and had to close for repairs.

112. From on or about November 29, 2016 to December 5, 2016, Plaintiff YAO was scheduled to work six (6) days per week, from 5:30 am to 2:00 pm.

113. From on or about December 6, 2016 to January 25, 2017, Plaintiff YAO was scheduled to work six (6) days per week, from 5:30 am to 1:30 pm.

114. In addition to her scheduled working time, Plaintiff YAO was required to work approximately an additional ten (10) minutes each day.

115. From on or about November 29, 2016 to January 25, 2017, each day, Plaintiff YAO was given a thirty (30) minute break to eat lunch.

116. From on or about November 29, 2016, to December 5, 2016, Plaintiff YAO worked approximately forty-nine (49) hours per week.

117. December 6, 2016, to January 25, 2017, Plaintiff YAO worked approximately forty-six (46) hours per week.

118. From on or about November 29, 2016 to January 25, 2017, Plaintiff YAO was paid at a rate of 8 dollars ($8.00) per hour, in cash.

119. From on or about November 29, 2016 to January 25, 2017, Plaintiff YAO was required to punch in on a timecard when she arrived at work and punch out when she left, but not to punch in and out at the beginning and end of her daily lunch break.

120. Throughout her employment, Defendants failed to pay Plaintiff YAO at least at one-and-one-half times her calculated hourly wage for all hours worked above forty (40) in each workweek.

121. Throughout her employment, Defendants failed to pay Plaintiff YAO New York's "spread of hours" premium for work days that lasted longer than ten (10) hours.

122.    Over the course of her employment, Defendants missed payments owed to Plaintiff

ZHENG amounting to one thousand four hundred twenty-two dollars ($1,422.00).

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

123.    Plaintiffs bring this action individually and on behalf of all other and former non-exempt

cooks and other kitchen staff who have been or were employed by the Defendants for up to the

last three (3) years, through entry of judgment in this case (the "Collective Action Period") and

who were not compensated at least the hourly minimum wage and/or overtime compensation for

all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

<u>**CLASS ACTION ALLEGATIONS**</u>

124.    Plaintiffs brings their NYLL claims pursuant to Federal Rules of Civil Procedure ("Fed.

R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after

the date that is six years before the filing of the Complaint in this case as defined herein (the

"Class Period").

125.    All said persons, including Plaintiffs, are referred to herein as the "Class."

126.    The Class members are readily ascertainable. The number and identity of the Class

members are determinable from the records of Defendants. The hours assigned and worked, the

positions held, and the rate of pay for each Class Member is also determinable from Defendants'

records. For purpose of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible

under said Fed. R. Civ. P. 23.

***Numerosity***

127.    The proposed Class is so numerous that joinder of all members is impracticable, and the

disposition of their claims as a class will benefit the parties and the Court. Although the precise

number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than seventy (70) members of the class.

*Commonality*

128. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are entitled to and paid minimum wage under the New York Labor Law;

c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class "spread of hours" pay as required by the NYLL;

e. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

f. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or timely thereafter;

g. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

h. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

129.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

130.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

131.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

132.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of the Fair Labor Standards Act—Failure to Pay Minimum Wage
Brought on Behalf of the Plaintiffs and the FLSA Collective]**

133.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

134. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

135. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

136. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Action Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action Members.

## COUNT II.
### [Violation of the New York Labor Law—Failure to Pay Minimum Wage
### Brought on Behalf of the Plaintiffs and the Rule 23 Class]

137. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

138. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law, NY CLS Labor §§ 2 and 651.

139. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the Class Members, for some or all of the hours they worked.

140. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

141. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL NY CLS Labor §§ 190 *et seq.* and §§ 650 *et seq.*, and one hundred percent

(100%) after April 9, 2011 under NY Wage Theft Prevention Act 2010 N.Y. ALS 564, and interest.

## COUNT III.
### [Violation of the Fair Labor Standards Act—Failure to Pay Overtime Wage Brought on Behalf of the Plaintiffs and the FLSA Collective]

142.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

143.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

144.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

145.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime wages violated the FLSA.

146.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

147.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

148.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements

of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collective's labor.

149.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
### [Violation of the New York Labor Law—Failure to Pay Overtime Wage<br>Brought on Behalf of the Plaintiffs and the Rule 23 Class]

150.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

151.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act, and interest.

152.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

153.    Defendant' failure to pay Plaintiffs overtime violated the NYLL.

154.    Defendants' failure to pay Plaintiffs was not in good faith.

### COUNT V.
### [Violation of the New York Labor Law—Failure to Pay Spread of Hours Pay<br>Brought on Behalf of the Plaintiffs and the Rule 23 Class]

155.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

156. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL NY CLS Labor §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations 12 NYCRR §146-1.6.

157. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Meal Periods**
**Brought on Behalf of Plaintiffs and the Rule 23 Class]**

158. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

159. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NY CLS Labor § 162.

160. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs worked.

161. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

162. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

**COUNT VII.**
**[Violation of New York Labor Law—Failure to Keep Records**
**Brought on Behalf of Plaintiffs and Rule 23 Class]**

163. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

164. Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by 12 NYCRR § 146-2.1.

165. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fees, pursuant to the state law.

166. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

167. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

**COUNT VIII.**
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on Behalf of Plaintiffs and Rule 23 Class]**

168. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

169. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NY CLS Labor §195-1(a).

170. Defendants intentionally failed to provide notice to employees in violation of New York

Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

171.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

172.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. NY CLS Labor §198(1-b).

### COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Pay Stubs
### Brought on Behalf of Plaintiffs and Rule 23 Class]

173.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

174.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NY CLS Labor §195-1(d).

175.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

176.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. NY CLS Labor §198(1-d).

### COUNT X.
### [Violation of Internal Revenue Code—Fraudulent Filing of IRS Returns
### Brought on Behalf of the Plaintiffs]

177.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

178.    26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

179.    Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XI.
### [Violation of the New York General Business Law—Deceptive Acts and Practices Brought on Behalf of the Plaintiffs]

180.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

181.    NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

182.    Due to Defendants' violations of NY GBS Law § 349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

183.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf, and on behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a.      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b.      Certification of this case as a collective action pursuant to FLSA;

c.      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e.      An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f.      An award of unpaid minimum wage and overtime wages due under FLSA;

g.      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

h.      An award of unpaid minimum wage, overtime wages, and spread of hours due under NYLL;

i.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime, and "spread of hours" premium pursuant to New York Labor Law, in the amount of twenty-five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

j.      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

k.      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m.      The cost and disbursements of this action;

n.      An award of prejudgment and post-judgment fees;

o.      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is

then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL §198(4); and

p.      Such other and further legal and equitable relief as this Court deems necessary, just, and

proper.

Dated:  April 10, 2017
        Flushing, NY

                                        Troy Law, PLLC
                                        *Attorney for the Plaintiffs, proposed FLSA*
                                        *Collective, and potential Rule 23 Class*


                                         /s/ John Troy
                                        John Troy (JT 0481)
                                        41-25 Kissena Boulevard, Suite 119
                                        Flushing, NY 11355
                                        Tel: (718) 762-1324
                                        Email: johntroy@troypllc.com