```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
YE HONG, YIKAI QIN, ZIU
QING ZHENG, WEI YAN YAO,
QIU HUA FAN, and RUO BING LIU         NOT FOR PUBLICATION

            Plaintiffs,               MEMORANDUM & ORDER
                                      ADOPTING REPORT &
      - against -                     RECOMMENDATION

7 EXPRESS RESTAURANT CORP., et. al.,  17-cv-2174 (KAM)(JO)

            Defendants.
----------------------------------X
```

**MATSUMOTO, United States District Judge**:

      Plaintiffs Ye Hong ("Hong"), Yikai Qin ("Qin"), Xiu Qing Zheng ("XQ Zheng"), Wei Yan Yao ("Yao"), Qiu Hua Fan ("Fan"), and Ruo Bing Liu ("Liu") commenced this action on April 10, 2017, seeking damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq*. (*See* ECF No. 18, Amended Complaint ("Am. Compl.").) The defendant employers, 7 Express Restaurant Corp., Happy Restaurant, Inc., and individuals Tian Min Zheng, Banson Ho, Michael Xiao, and Tai Viem Ma (collectively, "defendants"), did not respond, appear, or otherwise move. Plaintiffs therefore obtained a certificate of default and then moved for default judgment, (*see* ECF No. 31, Pls.' Default J. Mot.), which the court subsequently referred to Magistrate Judge James Orenstein for a report and recommendation ("R&R").

Judge Orenstein issued a R&R on March 14, 2019, recommending the court grant in part and deny in part plaintiffs' motion for default judgment. (*See* ECF No. 51, Report & Recommendation ("R&R").) The R&R notified plaintiffs of their right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (R&R at 17.) Plaintiffs timely objected to the R&R. (ECF No. 58, Plaintiffs' Objections ("Obj.").) For the reasons set forth below, the court substantially adopts Judge Orenstein's R&R with minor modifications to the calculation of unpaid wages damages, and associated interest, but adopts the R&R in all other respects including as to attorneys' fees.

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). When a magistrate judge issues a report and recommendation, "any party may serve and file written objections." *Id.; accord* Fed. R. Civ. P. 72(b) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations." (emphasis added)). Where no objections are filed, the court need only review for clear error on the face of the record. *See Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.

2

Supp. 1186, 1189 (S.D.N.Y. 1985)); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005).

When a party objects, the district court reviews the portions of the report and recommendation to which a party has timely objected under a *de novo* review standard, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citations omitted); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b) . . . ."). The court also may adopt "those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiMartino v. Berryhill*, 327 F. Supp. 3d 533, 535 (E.D.N.Y. 2018).

## DISCUSSION

The court assumes familiarity with the facts of the instant action as set forth in the submissions and Judge

3

Orenstein's R&R. (*See* R&R at 1-2.) The R&R recommends that default judgments be entered against all defendants as to plaintiffs' first, second, third, fourth, fifth, eighth, and ninth causes of action, and that the court dismiss plaintiffs' sixth, seventh, tenth, and eleventh causes of action. Upon a clear error and *de novo* review of the R&R, and considering that plaintiffs have not objected to any of Judge Orenstein's recommendations related to liability, the court affirms and adopts the R&R's determination of liability. Therefore, the court grants plaintiffs' motion for default judgment with respect to all defendants. (R&R at 6-8.)

Plaintiffs' objections focus on Judge Orenstein's damages calculations and recommended award of attorneys' fees. The court will address each objection in turn. Plaintiffs first identify errors in the table of employment data on page 9 of the R&R. (Obj. at 2.) Plaintiffs' reproduce the table ("reproduced table") and include red-lined changes. (*Id.*) First, plaintiffs' reproduced table includes a column which identifies the restaurant at which each plaintiff worked at during the relevant period. (*Id.*) Second, the reproduced table identifies a period of employment for which plaintiff Hong was not given credit. That is, the R&R apparently did not include Hong's employment at Happy Restaurant from January 26, 2017 to February 28, 2017. (*Id.*; *see also* Tr. 8:23-9:3.) The reproduced table

4

also includes information regarding Hong's wages and hours worked which comports with his testimony given at the inquest hearing held by Judge Orenstein on January 14, 2019. (Obj. at 2.) The reproduced table next corrects the R&R's listed number of days per week that Liu worked at 7 Express during the period September 1, 2016 through January 25, 2017, from three days to six days. (*Id.*) This change, also supported by Liu's hearing testimony, commensurately raises the hours Liu worked per week to 60 instead of 30. (*Id.; see* Tr. at 22.5.) Finally, the reproduced table adds a three-day period from January 26, 2017 through January 28, 2017, in which Liu worked at Happy Restaurant for nine hours each day. (Obj. at 2.) Upon a review of the record, the court notes, and accepts and adopts, plaintiffs' objections to correct the foregoing periods of employment for the aforementioned Hong and Liu and shall incorporate them into its independent, *de novo* damages calculation.

The reproduced table, and an accompanying footnote 3, also notes plaintiffs' objection to the R&R's method of calculating the effective hourly wage for plaintiff Fan. (*Id.* at 2 n.3.) Fan testified that he received a monthly wage of $2,000.00. (Tr. at 29:5.) In the absence of an hourly wage, Judge Orenstein apparently calculated Fan's effective hourly wage by multiplying Fan's monthly salary by 12 months to find a

5

yearly salary.  He then divided this yearly salary by 52 weeks to find an effective weekly salary, and further divided this weekly salary by the number of hours Fan worked each week, 73.5, to arrive at an effective hourly wage of $6.80.  (R&R at 8 n.4.)  Plaintiffs object to Judge Orenstein's calculation and cite to FLSA and NYLL provisions that, plaintiffs contend, dictate a different result.  (Obj. at 2 n.3.)  That is, in the absence of an agreement concerning hourly wages, courts are to divide the employee's weekly earnings by the *lesser* of 40 hours or the hours actually worked.  *See Torbio v. Abreu*, No. 18-CV-1827, 2018 U.S. Dist. LEXIS 196136, at *15 (E.D.N.Y. Nov. 15, 2018) (citing N.Y. Comp. Codes R & Regs. tit. 12 § 146-3.5).  Therefore, according to plaintiffs, if Fan's weekly earnings are divided by 40 hours instead of the 73.5 hours Fan worked each week, Fan's effective hourly wage is $11.54.  Having reviewed the case law, the relevant statutes, and the record in this case, the court accepts and adopts and incorporates plaintiffs' calculations as to Fan's effective hourly wage.

Plaintiffs next contend that the R&R incorrectly used the NYLL minimum wage despite some plaintiffs having been promised a higher wage.  (Obj. at 3.)  Plaintiffs' objection did not identify where in the R&R or its Appendix these asserted errors are evident, but the court was able to find such errors in its *de novo* review of the Appendix, specifically concerning

6

plaintiffs Hong and Zheng.  (*See* ECF No. 51-5, Appendix.)  The court addresses their adjusted calculations below.

Plaintiffs conclude their objections as to unpaid wages by reproducing the wages table from page 11 of the R&R, and adding red-lined changes for each plaintiff's unpaid wages.  (Obj. at 3-4.)  However, plaintiffs do not "show their work" in this table and their support for these changes is not evident.  Plaintiffs attach to their objection a spreadsheet modeled after the R&R's Appendix.  (*See* Obj. Ex. 1.)  A review of this spreadsheet is marginally helpful but plaintiffs do not explain why the court should incorporate certain assumptions or unshown calculations.  In any event, the court has completed a *de novo* review of the damages calculations completed by Judge Orenstein and makes certain modifications as detailed below.  Plaintiffs did not object to the R&R's method for calculating prejudgment interest, and the court shall adopt that method in its *de novo* damages calculations, but shall modify an award of prejudgment interest commensurate with the court's recalculated principal amount of compensatory damages.  (R&R at 13.)

The R&R's Appendix details Judge Orenstein's inputs and calculations related, *inter alia*, to plaintiffs' several causes of action, including hours worked per week, spread-of-hours days per week, hourly wages, and duration of employment for each plaintiff.  (Appendix at A-3.)  The Appendix relies on

7

the uncontested allegations of the Amended Complaint and also draws from each plaintiff's testimony given at the January 14, 2019 inquest hearing. (*See* ECF No. 48 and Minute Entry.) Upon a *de novo* review of the Appendix, as incorporated in the R&R, the court adopts Judge Orenstein's recommended damages calculations as modified herein.

First, the R&R appears to miscalculate days worked for each period by a single day. (*See* Obj. at 6.) The court has corrected this miscalculation for each period listed in the R&R's Appendix. Additionally, the R&R uses the incorrect effective date for New York's statutory minimum wage. New York's relevant minimum wage increases became effective on December 31, 2015 and December 31, 2016, not January 1, 2016 and January 1, 2017. *See* N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.2(a) (2016). The court calculated the unpaid wages based on the effective dates, and has likewise corrected this error in its own calculations.

Next, the R&R indicates Liu and Zheng are not eligible for an award of spread-of-hours wages as neither worked more than 10 hours per day during the relevant period. (*See* R&R at 10.) However, a review of the Appendix indicates spread-of-hours wages were included in the recommended award for both Liu and Zheng. (App. at A-2.) Similarly, the Appendix reflects only six spread-of-hours days for Fan, though he worked seven

8

days for 10.5 hours each.  Furthermore, inputting the corrected day-count, as discussed above, for Hong, Fan, and Qin, also increases the number of days each is eligible for the spread-of-hours premium.  The court has also corrected this error.

Next, the Appendix appears to have used a greater statutory minimum hourly wage for Qin for 2016.  That is, the R&R calculated unpaid wages using $11.00 as the minimum wage, and $16.50 for the overtime premium, instead of $9.00 and $13.50, respectively.  12 N.Y. Comp. R. & Regs. §§ 146-1.2, 146-1.4.  The court corrected these figures for Qin in its *de novo* damages calculations as follows.

Plaintiffs are correct that the R&R calculated unpaid overtime wages for certain plaintiffs, other than Qin, without accounting for their better-than-minimum-wage hourly wages.  That is, an employee is entitled to overtime pay at a wage rate of one-and-a-half times his regular hourly wage.  *See Nakahata v. New York Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 200 (2d Cir. 2013).  For example, Hong received $10.00 per hour worked in 2016, and was entitled to overtime pay of $15.00 per hour during that period.  *Id.* § 146-1.4.  Likewise, Zheng was paid $10.00 per hour worked in 2015 and 2016, and was entitled to overtime pay of $15.00 per hour.  Instead, the Appendix appears to rely on the lesser statutory overtime rates for those years, $13.13 for 2015, and $13.50 for 2016.  This change also

9

impacts Fan's overtime pay for the brief period he worked in 2016, considering his calculated effective hourly wage of $11.54. The court made these corrections in its *de novo* damages calculations.

The court now addresses plaintiffs' remaining objections.

Non-Payment

Plaintiffs object to Judge Orenstein's recommendation that the court decline to award damages for non-payment of wages as to each plaintiff, that is, for weeks worked in which plaintiffs received no pay at all. (Obj. at 4.) The heart of plaintiffs' objection as to this recommendation concerns plaintiffs' untimely submission of evidence which Judge Orenstein declined to consider. (R&R at 10-11.) In support of their claim that plaintiffs were not paid any wages for certain weeks, plaintiffs first rely on their testimony given at the inquest, and second, on photographs of certain timesheets for all plaintiffs, except Zheng and Yao. (Obj. at 4-5.) Plaintiffs point to exhibits attached to Docket Entry No. 43, filed on November 28, 2018. (ECF No. 43-2, 43-6, 43-10, 43-11, 43-12; *see also* Obj. at 5.) Plaintiffs filed these exhibits *after* the first inquest hearing held November 19, 2018, in which counsel for plaintiffs identified certain exhibits he intended to introduce, but which were not filed by the November 2, 2018

deadline, as ordered by Judge Orenstein on October 12, 2018. (*See* Minute Entry dated Nov. 19, 2018; *see also* ECF No. 34, Scheduling Order dated Oct. 12, 2018 ("The plaintiffs are directed to submit any written materials in support of its request for damages, including any affidavits, exhibits, or memoranda of law that the plaintiff wishes me to consider, as well as a list of all witnesses who will testify at the hearing, **no later than November 2, 2018 . . . .**"(emphasis added)).) Plaintiffs ignore their counsel's failure to comply with the court ordered deadline of November 2, 2018, and instead contend that these exhibits, filed November 28, 2018, were not untimely for the January 14, 2019 re-scheduled inquest hearing. This position is plainly unsupportable in the face of Judge Orenstein's Scheduling Order. Judge Orenstein was well within his authority to decline to consider plaintiffs' untimely filed exhibits.

Thus, plaintiffs are left with their own testimony with which to support their claim for non-payment of wages. Judge Orenstein, who presided over the hearing, discredited this testimony as speculative and some of it as inadmissible hearsay. (R&R at 10-11.) Further, Judge Orenstein noted the plaintiffs vacillated as to the amount of wages they were owed on their non-payment of wages claims. (R&R at 10 n.6.) For these reasons, Judge Orenstein recommended the court decline to award

11

damages for non-payment of wages, and, on *de novo* review, this court is not inclined to disturb the Magistrate Judge's credibility determinations. Thus, plaintiffs' objection as to the recommendation to deny the non-payment of wages claim is noted and overruled. The court declines to award damages for non-payment of wages.

<u>Attorneys' Fees</u>

Finally, plaintiffs object to the R&R's recommended award of attorneys' fees. (Obj. at 6-8.) That is, plaintiffs argue for a higher hourly rate for each attorney. Plaintiffs, however, supported their requested rates in their motion for default judgment only by attached contemporaneous billing records, without including biographical information pertaining to each attorney or supporting the hourly rates requested. (*See* ECF No. 32-2, Ex. 2, Invoice.) In support of this objection, plaintiffs attach a list of literally hundreds of cases in this District, in the Southern District of New York, and elsewhere in which plaintiffs' counsel is the attorney of record. (Obj. at 9-16.) Plaintiffs also now include biographical descriptions of the attorneys who represented plaintiffs in this matter, John Troy, Esq., Kibum Byun, Esq., and Aaron Schweitzer, Esq. (*Id.* at 8, 17.) Attorneys who practice in this Circuit should know that the supporting biographical information should be in their *moving papers* and not in their objections filed at the eleventh

12

hour, given that the courts consider an attorney's experience, and other factors, in determining a lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (listing twelve factors to be considered in determining a reasonable hourly rate including "the experience, reputation, and ability of the attorney[]"). Indeed, in a previous matter before this court, plaintiffs' counsel moved for default judgment without including biographical information to support their requested hourly rate. *See Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc.*, No. 15-CV-6399, 2018 WL 4853041 (E.D.N.Y. Oct. 4, 2018). As a result, the magistrate judge presiding over that matter resorted to ordering plaintiffs' counsel to "submit a supplemental letter addressing the titles and qualifications for all persons for whom Plaintiff is seeking fees." (*See* Docket No. 15-CV-6399, Minute Entry dated June 13, 2018.)

Counsel as experienced as Mr. Troy know better than to submit no support for a requested hourly rate. As such, upon *de novo* review and based on the rates recently awarded in the *Zhong Fa Qin* matter, the court adopts the R&R's recommended attorneys' fees and finds no reason to deviate from the case law in this circuit. *Zhong fa Qin*, 2018 WL 4853041, at *3. Plaintiffs do not object to Judge Orenstein's recommendation that the non-duplicative hours billed by plaintiffs' counsel be reduced by

13

one-third. (R&R at 16.) The court therefore awards **$16,209.33** in attorneys' fees and **$400** in costs.

## Total Damages

Having completed a *de novo* review of plaintiffs' motion for default judgment, and independently calculated plaintiffs' damages, the court awards damages as follows and as detailed in the table below. The court awards damages for unpaid wages as to all plaintiffs in the amount of **$30,343.34** and in an equal amount for liquidated damages under the NYLL. The court adopts without modification the recommended award of other statutory penalties, or a total of **$55,600.** The court also awards prejudgment interest on the awarded compensatory damages in the amount of **$6,856.16.** As such, the court awards damages in the total amount of **$123,142.84,** divided among each plaintiff as listed in the below table. And, as discussed above, the court awards **$16,209.33** in attorneys' fees and **$400** in costs.

| Plaintiff | Wages | LD | Notice | Statement | Interest | Total |
|---|---|---|---|---|---|---|
| Hong | $9,129.29 | $9,129.29 | $5,000.00 | $5,000.00 | $2,077.73 | **$30,336.30** |
| Liu | $4,563.86 | $4,563.86 | $5,000.00 | $5,000.00 | $1,161.35 | **$20,289.06** |
| Fan | $5,736.91 | $5,736.91 | $3,250.00 | $5,000.00 | $1,118.93 | **$20,842.76** |
| Qin | $5,466.21 | $5,466.21 | $5,000.00 | $5,000.00 | $1,094.44 | **$22,026.87** |
| XQ Zheng | $4,277.14 | $4,277.14 | $5,000.00 | $5,000.00 | $1,176.98 | **$19,731.26** |
| Yao | $1,169.93 | $1,169.93 | $2,350.00 | $5,000.00 | $226.74 | **$9,916.60** |
| Sub-Total | $30,343.34 | $30,343.34 | $55,600.00 | | $6,856.16 | |
| Total Damages | | | | | | **$123,142.84** |
| Attorneys' Fees | | | | | | **$16,209.33** |
| Costs | | | | | | **$400.00** |
| Total Award | | | | | | **$139,752.18** |

14

**CONCLUSION**

For the foregoing reasons, upon *de novo* and clear error review of the R&R, plaintiffs' motion for entry of default judgment is granted with respect to all defendants. The Clerk of Court is directed to enter judgment against all defendants jointly and severally, in the total amount of **$139,752.18**, of which **$16,209.33** is attributable to attorneys' fees, and **$400** is attributable to costs.

**SO ORDERED.**

Dated: March 29, 2019
       Brooklyn, New York

                                                    /s/
                                        **KIYO A. MATSUMOTO**
                                        United States District Judge